PeR CURIAM.
This Court concurs in the circuit decree. It is therefore ordered, and decreed, the decree he affirmed, and that the appeal he dismissed.
Dunkin', Ch., concurred.
WaRDLAW, Oh.
I join in affirming the circuit decree in this case, but as the course of reasoning which leads me to the Chancellor’s conclusion differs in some particulars from that pursued by him, I add a brief explanation of my views.
The proposition of the appellants, that the devisees here take a fee conditional, seems to me to be properly deduced from the terms of the will. This is conformable to the opinion of one-half of the Court of Errors in Buist vs. Dawes, and is sufficiently vindicated in the opinion of Chancellor Dargan in that case. 4 Rich. Eq. 430. I think, however, that there may be a valid executory devise upon a fee conditional, if limited to take effect within lives in being, and twenty-one years afterwards ; and that in the present instance the limitation over does not infringe the rule against perpetuities.
My opinion upon this doctrine has been already expressed in the case above cited, lb. 496; and nothing will be added now except notices of three of our cases, which were there inadvertently omitted.
In Cruger vs. Heyward, 2 Des. 94, testator devised Calle-washie Island, with the slaves, &e., thereon, to his son B., “ but in case he die without lawful issue, then I give it to my grand-son *420 D., his heirs and assigns foreverand it was held, that the limitation over was not too remote. The Court says, lb. 112 : “ There is no doubt if the statute of intails was of force in this State, that B. would have had an estate tail in the land; for it is laid down clearly in the hooks, that if lands are devised to one, and if he die before or without issue, or not leaving issue, it is devised over, such limitation creates an estate tail: but that statute not being of force, the estate he took was a fee conditional at common law; the reversion of the estate still remaining in the testator; which he had a right to dispose of, and which he has done in this clause to his grand-son D. and his heirs.” This decision might not be upheld at this day, so far as it determined that the words in the devise are adequate to restrict B’s ‘ dying without lawful issue’ to the failure of issue at his death; and so far as it intimates that a fee conditional is a particular estate' like a fee tail, capable of supporting a remainder; but why should it not be recognized within proper limits, as establishing that a devise over may be engrafted on a devise of fee conditional ? To this latter extent it is a subsisting authority.
Milledge vs. Lamar, 4 Des. 617, is a similar case. There A., by deed confirmed by his will, gave all his estate, real and personal, to B. and his heirs, on the condition that if B. should die without any heir of his body, then and in that case the whole of the then remaining property should be equally divided between the children of donor’s three brothers, C. D. and E. B. left at his death no heir of his body, but left a wife. In a contest between the wife and the children of the brothers, it was held that the gift over to the children was not too remote, and that the wife, as widow of a tenant in fee conditional, was entitled to dower in the lands. The instrument of gift was treated by the Court as a will. Perhaps this case, too, may be obnoxious to criticism as to the efficacy of the words in the gift over to confine the failure of heirs of the body to the date of the first taker’s death; but this error, if it be one, does not impeach *421 the doctrine of the Court that a devise over may be limited on a fee conditional.
In Treville vs. Ellis, cited in the circuit decree in this case, the Court of Appeals was not informed whether or not the will contained words of perpetuity in the gift to the first taker. As the law stood when the testator died, and before our Act of 1824, without words of inheritance or perpetuity an estate for life only in lands would pass to the devisee. The Court determined that whether a life estate or a fee simple was given to the devisee, the plaintiff there was entitled. If a life estate was given, the limitation over was good. If a fee simple absolute was given, this would be converted into a fee conditional by the terms of limitation over on the condition the devisee died without lawful heirs of his body ; and as the devisee had not fulfilled this condition, it would depend on the force of the words ‘ surviving children’ to fix the death of the devisee as the epoch contemplated for the extinction of issue, whether the estate would revert to the heirs of the testator or pass to the executory* devisees; and in either aspect the plaintiff was entitled. The Court says : “ If the words ‘ surviving children’ are to be considered as limiting it (death without issue) to the dying without issue living at the death of the first taker, then the limitation over is good by way of executory devise, and the effect will be the same both as it regards the real or personal estate. Barnfield vs. Wetton, 2 Bos. and Pul. 324.” It is necessarily involved in the opinion of the Court, that there is nothing in the nature of a fee conditional, more than a fee absolute, to prevent an executory devise to be limited on it which is not void for remoteness.
The Chancellor’s reasoning is entirely satisfactory to me as to the sufficiency of the words “ surviving brothers and sisters” to tie up the generality of the phrase “ die leaving no lawful issue.” To the authorities cited by him may be added the recent case of Matthis vs. Hammond, 6 Rich. Eq. 381, in which the Court of Errors was almost unanimous on this point.

Decree affirmed.